PEARSON, MJ.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Hitachi Medical Systems America, Inc. | ) | CASE NO. 5:09-CV-2613 |
| | ) | |
| Plaintiff, | ) | JUDGE DAVID D. DOWD |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | BENITA Y. PEARSON |
| St. Louis Gynecology & Oncology, | ) | |
| LLC, *et al*., | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| Defendant. | ) | **(Regarding ECF No. 21)** |

Before the Court is Defendant Kirk Bowman's ("Bowman") *pro se* Response to Plaintiff Hitachi Medical Systems America, Inc.'s ("Hitachi") Complaint.[1]  ECF No. 21.  Defendant Bowman's Response includes answers to the allegations in the Complaint and requests that the Court dismiss the Complaint for lack of personal jurisdiction or for improper venue under and transfer the case to Missouri.  ECF No. 21 at 2.

For the following reasons, the undersigned Magistrate Judge recommends that Kirk Bowman's requests for dismissal and transfer be denied.

## I.  Factual and Procedural Background

Plaintiff Hitachi Medical Systems America, Inc. is a Delaware corporation with its principal place of business located in Twinsburg, Ohio.  ECF No. 1 at 1.  Hitachi contracts with owners of medical equipment (such as CT scanners) to provide inspection and maintenance of the equipment, pursuant to a "Service Maintenance Agreement" (also "SMA").  ECF No. 1 at 2;

---

[1] District Judge David D. Dowd referred this case to the undersigned for general pretrial supervision.  ECF No. 5.

(5:09CV2613)

ECF No. 20 at 1.  Defendants Bowman and St. Louis Gynecology & Oncology, LLC's ("St. Louis") are residents of Missouri.  ECF No. 1 at 2.

On November 6, 2010, Plaintiff Hitachi, alleging jurisdiction *via* diversity of citizenship, pursuant to 28 U.S.C. § 1332, among other grounds, initiated the underlying action for breach of contract, unjust enrichment, and declaratory judgment against all Defendants.  ECF No. 1 at 3. The Complaint alleges that, Bowman, acting as manager of West County Imaging Center ("West County"), signed a Service Maintenance Agreement contract with Hitachi for the inspection and maintenance of an Hitachi CXR4 Multi-Slice CT.  Hitachi signed and accepted the terms of the Service Maintenance Agreement.  ECF No. 20 at 1.  The Complaint also alleges that approximately three months after the Service Maintenance Agreement was reached, St. Louis purchased the assets of West County, including "the medical equipment which is the subject of the [Service Maintenance Agreement]."  ECF No. 1 at 2.

Bowman responded to the Complaint by asserting the following affirmative defenses without supporting facts or law:

    1.  Plaintiff sued an improper party as Defendant Bowman did not, as an individual, do business with Plaintiff.

    2.  This Court lacks jurisdiction over Bowman as he is a Missouri individual.

    3.  Defendant Bowman was improperly served.

    4.  Since this Court lacks jurisdiction against St. Louis Gynecology & Oncology, any claims arising against the Defendants in this matter arise out of a common set of facts and circumstances and; therefore, should be adjudicated in Missouri.

ECF No. 21 at 2.

In opposition, Hitachi argues that "(A) the Agreement's forum selection clause is

-2-

(5:09CV2613)

presumptively valid; (B) the Agreement's forum selection clause has been enforced in prior

litigation; and (C) Bowman's agreement to the forum selection clause waived any objections to

personal jurisdiction and/or improper venue." ECF No. 24 at 1 (footnote omitted).

## II.  Standard of Review

### A.  *Pro se* Pleadings

A liberal standard should be applied to *pro se* pleadings. *Figel v. Overton*, 121

Fed.Appx. 642, 645 (6th Cir. 2005) (*citing Haines v. Kerner*, 404 U.S. 519, 520 (1972)).  "A

court should make a reasonable attempt to read the pleadings to state a valid claim on which the

plaintiff could prevail, despite the plaintiff's failure to cite proper legal authority, his confusion

of various legal theories, his poor syntax and sentence construction . . . ." *Ashiegbu v. Purviance*,

74 F.Supp.2d 740, 746 (S.D. Ohio 1998).  Nonetheless, a *pro se* pleading must plead sufficient

facts to show that a legal wrong has been committed in order for relief to be granted.  *Cox v.

Kentucky*, 2010 U.S. Dist. LEXIS 104516 at *1.  The Court applies these standards to Bowman's

requests for dismissal and/or transfer.

### B.  Burden of Proof

Although this matter is before the Court on Defendant Bowman's motions to dismiss and

transfer, Plaintiff has the burden of establishing the Court's jurisdiction. *Neogen Corp. v. Neo

Gen Screening, Inc.*, 282 F.3d 883, 887 (6th Cir. 2002). Where the court does not conduct an

evidentiary hearing on the issue of personal jurisdiction in considering a Rule 12(b)(2) motion,

(5:09CV2613)

the plaintiff "need only make a prima facie showing of jurisdiction."[2] *Id.* (quoting *Compuserve, Inc. v. Patterson*, 89 F.3d 1257, 1262 (6th Cir. 1996)). A plaintiff can meet this burden by "establishing with reasonable particularity sufficient contacts between [Bowman] and the forum state to support jurisdiction." *Neogen*, 282 F.3d at 887. In ruling on a motion to dismiss for lack of personal jurisdiction, *i.e.* under Federal Rule of Civil Procedure 12(b)(2), the court must construe the facts presented in the pleadings and affidavits in the light most favorable to the non-moving party. *See Calphalon Corp. v. Rowlette*, 228 F.3d 718, 721 (6th Cir. 2000).

## C. **Personal Jurisdiction**

In a diversity of citizenship case, a court's exercise of personal jurisdiction requires a determination that: (1) the defendant is amenable to suit under Ohio's long-arm statute; and (2) due process requirements of the Constitution are met. *CompuServe, Inc. v. Patterson*, 89 F.3d 1257, 1262 (6th Cir. 1996). In Ohio, personal jurisdiction may be achieved by minimum contacts with the state as described in Ohio Revised Code § 2307.382, the state's long-arm statute.[3]

---

[2] Federal Rule of Civil Procedure 12(b)(2) permits dismissal for lack of personal jurisdiction.

[3] The statute provides, in relevant part:

(A) A court may exercise personal jurisdiction over a person who acts directly or by an agent, as to a cause of action arising from the person's:

    (1) Transacting any business in this state;
    (2) Contracting to supply services or goods in this state;
    (3) Causing tortious injury by an act or omission in this state;
    (4) Causing tortious injury in this state by an act or omission outside this state if he regularly does or solicits business . . . in this state;

(5:09CV2613)

### D.  **Motion to Transfer**

Under 28 U.S.C. § 1404(a), a district court may, for the convenience of the parties and witnesses and, in the interests of justice, transfer any civil action to any other district court or division where the lawsuit might have been brought.  The purpose of the provision is to transfer actions brought in a permissible yet inconvenient forum.[4]  *Martin v. Stokes*, 623 F.2d 469, 471 (6th Cir.1980).  The Supreme Court and the law of this Circuit has held that "a forum selection clause should be upheld absent a strong showing that it should be set aside."  *Wong v. PartyGaming*, Ltd., 589 F.3d 821, 828 (6th Cir. 2009 ) (citing *Carnival Cruise Lines, Inc. v.*

---

(5) Causing injury in this state to any person by breach of warranty expressly or impliedly made in the sale of goods outside this state . . .
(6) Causing tortious injury in this state to any person by an act outside this state committed with the purpose of injuring persons . . .
(7) Causing tortious injury to any person by a criminal act, any element of which takes place in this state . . .
(8) Having an interest in, using, or possessing real property in this state;
(9) Contracting to insure any person, property, or risk located within this state at the time of contracting.

(B) For purposes of this section, a person who enters into an agreement, as a principal, with a sales representative for the solicitation of orders in this state is transacting business in this state . . . .

(C) When jurisdiction over a person is based solely upon this section, only a cause of action arising from acts enumerated in this section may be asserted against him.

Ohio Revised Code § 2307.382.

[4] According to the Supreme Court, "both the history and purposes of § 1404(a) indicate that it should be regarded as a federal judicial housekeeping measure, dealing with the placement of litigation in the federal courts and generally intended, on the basis of convenience and fairness, simply to authorize a change of courtrooms."  *Van Dusen v. Barrack*, 376 U.S. 612, 636-37 (1964).

-5-

(5:09CV2613)

*Shute*, 499 U.S. 585, 595 (1991)).  "The party opposing the forum selection clause bears the

burden of showing that the clause should not be enforced."  *Wong*, 589 F.3d at 828 (citing *Shell*

*v. R.W. Sturge, Ltd.*, 55 F.3d 1227, 1229 (6th Cir. 1995)).

### III.  **Analysis**

Viewing the evidence in the light most favorable to the non-movant, Hitachi has met its

burden of making a *prima facie* showing of personal jurisdiction.  The economic harm of which

Hitachi complains can be construed as directly resulting from Defendants' failure to pay as

agreed pursuant to the Service Maintenance Agreement entered by Bowman with, Hitachi, a

company with its principal place of business in the Northern District of Ohio.  ECF No. 1 at 2;

*see* Ohio Revised Code § 2307.382(1); *see also Neogen.*, 282 F.3d at 888 ("Viewing the

allegations in the light most favorable to Neogen, the economic harm of which it complains can

be construed as resulting from NGS's conduct of business with Michigan residents over the

wires, through the mail, and by use of the Internet.").  Hitachi's showing of a *prima facie* case of

personal jurisdiction overcomes Bowman's affirmative defense for lack of personal jurisdiction.

While Hitachi has meet its minimal burden of showing personal jurisdiction, Bowman

has failed to meet his burden to overcome the forum selection clause.  At the outset, Bowman has

failed to plead sufficient facts showing that a legal wrong has been committed justifying the

relief he seeks.  ECF No. 21.  Additionally, Bowman's bare-bones pleading fails to show that the

forum selection clause, itself, is unenforceable.  ECF No. 21.  Without substantiation, Bowman

merely states that the matter "should be adjudicated in Missouri."  This averment, alone, does not

equate to a showing that the forum selection clause should not be enforced.  ECF 21 at 2.

(5:09CV2613)

## IV.  **Conclusion and Recommendation**

For the reasons discussed above, the Court finds that it has personal jurisdiction over

Bowman, and that the forum selection clause contained in the Service Maintenance Agreement

renders venue in this Court proper pursuant to 28 U.S.C. § 1391(a).

Accordingly, the undersigned recommends denying Defendant Kirk Bowman's motions

for dismissal and request for transfer.


IT IS SO ORDERED.


November 2, 2010                                              /s/ Benita Y. Pearson
Date                                              United States Magistrate Judge




## **OBJECTIONS**

Objections to this Report and Recommendation must be filed with the Clerk of Courts
within fourteen (14) days of receipt of this notice.  Failure to file objections within the specified
time waives the right to appeal the District Court's order.  *See United States v. Walters*, 638 F.2d
947 (6th Cir. 1981); *see also Thomas v. Arn*, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111
(1986).